**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MENALCO, FZE, et al.,

            Plaintiffs,

vs.

ROBERT GORDON BUCHAN, et al.,

            Defendants.

Case No. 2:07-cv-01178-PMP-PAL

**ORDER**

(M/Compel - #147)

       The court conducted a telephonic hearing on Plaintiffs' Emergency Motion to Compel Defendants Convergence Capital Limited, Christopher Ernest Eddy and Timothy Hanley Koster to Comply with Discovery Agreement Presented to the Court on September 5, 2008 (#147) on September 19, 2008 at 4:00 p.m. Wade Rabenhorst and William Potts appeared telephonically on behalf of the plaintiffs, and Troy Wallin and Mark Smith appeared telephonically on behalf of defendants Convergence, Eddy, and Koster.

       At a hearing conducted July 21, 2008, the District Judge denied motions to dismiss filed by Convergence, Koster, and Eddy on jurisdictional grounds, and gave plaintiffs through September 4, 2008 to conduct jurisdictional discovery from these defendants, and gave the defendants until September 18, 2008 to renew their motions to dismiss. On August 15, 2008, the parties submitted a stipulation requesting a six-day extension of the cutoff date for jurisdictional discovery from Convergence, Koster, and Eddy until September 10, 2008 which the District Judge approved in a Order (#138). On August 28, 2008, the plaintiffs filed an Emergency Motion to Compel Jurisdictional Discovery from Defendants Convergence, Eddy and Koster (#139) and requested expedited review. The motion to compel sought an order compelling Convergence, Koster, and Eddy to respond to answers to interrogatories and requests for production of documents propounded on June 27 and

1   July 23, 2008, concerning jurisdictional facts.  The depositions of Convergence, Koster, and Eddy were
2   set by agreement of the parties on September 9, 2008 in Dubai, United Arab Emirates.  The motion to
3   compel was filed because counsel for the defendants could not confirm whether the discovery responses
4   would be received prior to the scheduled depositions.

5   　　　　The court conducted a hearing on August 29, 2008 and heard representations from counsel
6   regarding the deadlines established by the District Judge's order.  Given the September 10, 2008
7   extended deadline for conducting jurisdictional discovery, the court directed defendants' counsel to file
8   a response to the motion by Tuesday, September 2, 2008, and set a hearing on September 3, 2008.  No
9   response to the motion was filed, but counsel indicated they were working cooperatively in an effort to
10  obtain the discovery responses in advance of the scheduled depositions.  At the time of the hearing,
11  Koster and Eddy had served objections and responses to interrogatories, but had not provided verified
12  answers to interrogatories, and defendant Convergence had not yet served its answers to interrogatories.

13  　　　　At the September 5, 2008 status conference, counsel represented that Koster and Eddy had still
14  not provided verified answers to interrogatories, and that Convergence had still not answered
15  interrogatories.  Counsel for Convergence represented that he expected Convergence's responses to be
16  substantially the same as Mr. Koster and Mr. Eddy because they were the two principals of
17  Convergence.  However, he had not yet received "final word on approval from my client."  During the
18  hearing, counsel also indicated that shortly before the hearing, counsel for the defendants, Mark Smith,
19  indicated that Mr. Koster had expressed a desire to change the date of his deposition in Dubai.  The
20  court discussed the proposed schedule change with counsel.  Counsel for plaintiff indicated the
21  plaintiffs would prefer to go forward with all three depositions in Dubai on September 9, 2008 because
22  of the deadline established by the District Judge.  However, as Mr. Koster was requesting that the
23  depositions be moved to the week of September 22, 2008, the plaintiffs would agree to move the
24  depositions if all three clients would agree to have the depositions taken in London.  Counsel for the
25  defendants indicated he had been in touch with his clients every day in an effort to obtain the
26  verifications and responses to the written discovery requests and that he would communicate with his
27  clients about the proposal to move all three depositions to London.
28  / / /

1  The court took a recess to enable counsel to discuss scheduling and logistical issues, indicating that if
2  the parties had reached an agreement to reschedule the depositions, the court would memorialize the
3  agreement on the record. The court also indicated that if the parties were not able to reach an
4  agreement, the court would hear from counsel at 4:00 p.m. in the afternoon to entertain any additional
5  requests for relief. A brief recess was called, and the court was advised that the parties had reached an
6  agreement. The court went back on the record, and counsel for the parties agreed to reschedule the
7  depositions of Convergence, Koster, and Eddy for the week of September 22, 2008 in London. Counsel
8  for these defendants also agreed to identify which defendants produced the documents provided in
9  responses to requests for production of documents by Monday, September 8, 2008. The court
10 confirmed this agreement with counsel for the three defendants, and granted the parties an extension
11 until September 26, 2008 to conduct jurisdictional discovery. The court inquired of counsel whether
12 there were any other matters that needed to be addressed, and both sides responded that there were not.
13        This emergency motion was filed September 17, 2008 while the undersigned was out of the
14 district. The motion seeks to compel defendants Convergence, Eddy, and Koster to comply with the
15 agreements memorialized on the record at the September 5, 2008 hearing. The hearing was conducted
16 at 4:00 p.m. Approximately one hour before the hearing, counsel for Convergence, Koster, and Eddy
17 sent counsel for plaintiffs an e-mail identifying eight documents from the documents identified in the
18 Rule 26(a) disclosures which were produced by Convergence, Koster, and Eddy. Convergence had still
19 not served counsel for plaintiffs with answers to interrogatories, and defendants Koster and Eddy had
20 still not provided verified answers to interrogatories. Additionally, defendants Convergence, Koster,
21 and Eddy indicated they refused to appear for depositions in London the week of September 22, 2008.
22 Counsel for plaintiffs represented, and counsel for these defendants did not dispute, that on September
23 8, 2008, after counsel for the plaintiffs canceled deposition arrangements in Dubai, the defendants
24 insisted in proceeding on the depositions as scheduled on September 9, 2008 in Dubai.
25        Having reviewed and considered the motion, and the arguments of counsel, as well as the prior
26 pleadings and papers on file, the court finds defendants Convergence, Eddy, and Koster have not
27 complied with their discovery obligations, and that the motion to compel should be granted.
28 Specifically, defendants Eddy and Koster have not provided verified answers to interrogatories, and

Convergence has not served answers to interrogatories which are long overdue and needed to complete jurisdictional discovery ordered by the District Judge. Additionally, defendants Convergence, Koster, and Eddy have unequivocally reneged on the agreement made by counsel to reschedule their depositions for the week of September 22, 2008 in London, England. The court further finds that defendants Convergence, Koster, and Eddy provided unreasonable notice of their desire to proceed with the September 9, 2008 depositions in Dubai. Plaintiffs were not notified until September 8, 2008 that Mr. Koster and Mr. Eddy were not agreeable to attending the depositions in London, and wanted the depositions to proceed as scheduled on September 9, 2008. By then, counsel for plaintiffs had already canceled the conference room, arrangements made to fly in a court reporter from London to Dubai to take the depositions, and rescheduled his own travel plans. Accordingly,

**IT IS ORDERED:**

1. Plaintiffs' Emergency Motion to Compel (#147) is GRANTED and
   a. Convergence shall serve counsel for plaintiffs with verified answers to interrogatories by **September 23, 2008**. Service shall be effected in a manner to assure that counsel for plaintiffs actually receives the answers on **September 23, 2008.**
   b. Defendants Eddy and Koster shall serve verified answers to interrogatories by **September 23, 2008**. Service shall be effected in a manner to assure that counsel for plaintiffs actually receives the answers on **September 23, 2008.**
   c. Convergence, Koster, and Eddy shall appear for depositions in London, England, on **September 25, 2008.**
2. Failure to timely comply with this order may result in the imposition of sanctions authorized by Rule 37 of the Federal Rules of Civil Procedure, up to and including a recommendation to the District Judge of case dispositive sanctions.
3. Counsel for plaintiffs shall, no later than **15 days** from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing its motion. The memorandum shall provide a reasonable itemization and description of the work performed, identify the

attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

4. Counsel for defendants shall have **15 days** from service of the memorandum of costs and attorneys' fees in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

Dated this 22nd day of September, 2008.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE